IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| PALAZZO VINTAGE HOMES, LLC, an Oregon company, and PALAZZO VINTAGE REPRODUCTION HOMES, LLC, an Oregon company, | ) ) ) ) ) | Civil No. 09-1005-JE |
| Plaintiffs, | ) ) | FINDINGS AND RECOMMENDATION |
| v. | ) ) | |
| URBAN HOUSING DEVELOPMENT, LLC, an Oregon company; CONCEPT DESIGN AND ASSOCIATES, an Oregon business; STEWARDSHIP REALTY, LLC, an Oregon company; and VLADIMIR OZERUGA, an individual, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

    Peter E. Heuser
    Schwabe Williamson & Wyatt
    Pacwest Center
    1211 S.W. 5th Avenue, Suite 1900
    Portland, OR 97203
        Attorney for Plaintiff

FINDINGS AND RECOMMENDATION - 1

>           Laura Caldera Taylor
>           Renee E. Rothauge
>           Bullivant Houser Bailey, PC
>           300 Pioneer Tower
>           888 S.W. 5th Avenue
>           Portland, OR 97204
>                   Attorneys for Defendants

JELDERKS, Magistrate Judge:

On October 8, 2010, following a full review of the transcripts of deposition testimony in related cases CV 09-952 and 09-1005, I entered an Order granting in part defendants' motion for sanctions based upon the conduct of Mr. Palazzo during the taking of his deposition as plaintiffs' Rule 30(b)(6) representative. That Order required that, as a condition for proceeding with these actions, plaintiffs reimburse defendants for the costs reasonably incurred in attempting to take Mr. Palazzo's deposition and in bringing the motion for sanctions, and provide Mr. Palazzo's responses to written deposition questions. The Order noted that these sanctions were imposed for reasons the court had set out during a hearing held on October 7, 2010, including Mr. Palazzo's unwillingness and inability to answer many of the questions posed during the taking of his deposition. The Order also noted that Mr. Palazzo's conduct had effectively deprived defendants of any value for the time and expense invested in the taking of his deposition.

In the concluding sentence of the October 8, 2010 Order, I informed the parties that, if by November 22, 2010, plaintiffs had either failed to reimburse defendants for the costs as approved by the court or Mr. Palazzo had failed to reasonably respond to the questions propounded, I would enter an order "forthwith" recommending that their related actions be dismissed.

FINDINGS AND RECOMMENDATION - 2

On October 21, 2010, defendants in these actions filed itemized statements of the costs and fees they had incurred in attempting to take Mr. Palazzo's deposition, and in preparing their motions for sanctions. In an Order dated November 1, 2010, I required plaintiffs to reimburse defendants for costs and fees in the amount of $7,262.12 incurred in attempting to take Mr. Palazzo's deposition, and deferred determination of the amount of fees that had been reasonably incurred in preparing the motion for sanctions. I required that plaintiffs pay defendants $7,262.12 and provide Mr. Palazzo's answers to written deposition questions by November 22, 2010, as a condition to proceeding with these actions. I reiterated that I would recommend dismissal of these actions if plaintiffs failed to take these steps.

Docket entries in CV 09-952 and 09-09-1005 indicate that, on November 22, 2010, plaintiffs provided defendants written responses to their deposition questions. However, in material submitted along with those responses, plaintiffs acknowledged that they have not reimbursed defendants for the deposition costs specified in my Order of October 21, 2010. Citing financial difficulties, plaintiffs' current counsel, who has sought leave of the court to withdraw as counsel of record, has urged the court to extend the deadline for plaintiffs' payment of the $7,262.12 set out in the Order of October 21, 2010. The court has received a similar request, by letter, from Marc Johnston. Johnston, who is not an attorney of record in either of the related cases, states that he has initiated settlement discussions with defendant Urban Housing Development in CV 09-952, and asks for a four-week extension of the current November 22, 2010 deadline for payment of the $7,262.12.

Defendants contend that Mr. Palazzo's responses to deposition questions are insufficient. However, in determining what judicial action is now appropriate, I will assume, without deciding, that Mr. Palazzo has submitted satisfactory responses to the deposition

FINDINGS AND RECOMMENDATION - 3

questions as required by my Order of October 8, 2010. Regardless of the compliance with that requirement, plaintiffs have not satisfied the second requirement–that they reimburse defendants in the amount of $7,262.12 by November 22, 2010. Based upon that failure, as I unequivocally informed the parties I would do in the concluding sentence of my October 8, 2010 Order, I now recommend that actions CV 09-952 and 09-1005 be dismissed as a sanction for Mr. Palazzo's unacceptable behavior during the taking of his deposition, and for his inability and/or unwillingness to provide the quality of information expected of a deponent designated as a party's Rule 30(b)(6) representative. I am well aware that this is a severe sanction, and have recommended that it be imposed only after allowing plaintiffs an ample opportunity to pay at this time what is only a fraction of the expense that defendants have incurred as a result of Mr. Palazzo's intemperate conduct. The court cannot consider the representations included in the letter submitted by Mr. Johnston, who has not assumed the responsibilities as counsel of record in these actions that would give him standing to speak for plaintiffs, and who lacks the standing to file a formal motion seeking an extension of the deadline for payment set out earlier. Though I am nevertheless aware of plaintiffs' current financial difficulties from other materials properly filed in this action, I have concluded that these difficulties do not merit modification of the payment deadline. In deferring consideration of the expenses defendants incurred in bringing the motion for sanctions, I limited the amount that plaintiffs were required to pay by November 22, 2010. Extending the deadline at this late date would be unfair to defendants, would undermine the credibility of the court, and would effectively allow an impecunious litigant to ignore the standards of conduct applicable to all who litigate in this court.

**Conclusion**

Based upon plaintiffs' failure to comply with the requirements set out in the court's Orders dated October 8, 2010, and November 1, 2010, actions CV 09-952 and 09-1005 should be dismissed. If this recommendation is adopted, judgments should be entered dismissing these actions with prejudice, and dismissing as moot any other pending motions.

**Scheduling Order**

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due December 16, 2010. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 29th day of November, 2010.

/s/ John Jelderks
John Jelderks
U.S. Magistrate Judge