IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| PALAZZO VINTAGE HOMES, LLC, an Oregon company; and PALAZZO VINTAGE REPRODUCTION HOMES, LLC, an Oregon company, | ) ) ) ) ) | Civil No. 09-1005-JE |
| Plaintiffs, | ) ) ) | FINDINGS AND RECOMMENDATION/ |
| v. | ) ) | ORDER |
| URBAN HOUSING DEVELOPMENT, LLC, an Oregon company; CONCEPT DESIGN AND ASSOCIATES, an Oregon business; STEWARDSHIP REALTY, LLC, an Oregon company; and VLADIMIR OZERUGA, an individual, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

      Marc A. Johnston
      Attorney at Law
      1 S.W. Columbia Street, Suite 1850
      Portland, OR 97258
           Attorney for Plaintiff

FINDINGS AND RECOMMENDATION/ORDER - 1

>    Laura Caldera Taylor
>    Renee E. Rothauge
>    Bullivant Houser Bailey, PC
>    300 Pioneer Tower
>    888 S.W. 5th Avenue
>    Portland, OR 97204
>        Attorneys for Defendants

JELDERKS, Magistrate Judge:

Plaintiffs Palazzo Vintage Homes, LLC, and Palazzo Vintage Reproduction Homes, LLC (collectively "Palazzo), brought this action alleging copyright infringement and false designation of origin against defendants Urban Housing Development, LLC; Concept Design and Associates; Stewardship Realty; and Vladimir Ozeruga. In a related action, CV 09-952, Palazzo Vintage Homes, LLC, brought similar claims against defendants Urban Housing Development, LLC; Stewardship Realty; Dez Drafting & Design, LLC; Vladimir Ozeruga; E&O Ventures, LLC; and Slavik Dezhnyuk.

On December 22, 2010, the Honorable James Redden adopted my recommendation that these actions be dismissed with prejudice, and entered Judgments in defendants' favor. Defendants have submitted cost bills in each of these actions. They have also moved for recovery of attorney fees incurred in these actions. For the reasons set out below, I grant defendants' request to recover costs in the amounts sought, and recommend denying defendants' request to recover attorney fees.

## Discussion

Plaintiffs are small Oregon companies that design and build vintage reproduction homes in Portland, Oregon. In the present action, plaintiffs alleged that defendants infringed

FINDINGS AND RECOMMENDATION/ORDER - 2

its copyrighted designs and falsely designated the origins of designs of houses they built. Randy Palazzo, owner of these companies, recently filed a personal Chapter 7 bankruptcy.

On October 8, 2010, I entered an Order granting in part defendants' motion for sanctions based upon the conduct of Randy Palazzo during the taking of his deposition as plaintiffs' Rule 30(b)(6) witness. That Order required that, as a condition of proceeding with this action, plaintiffs reimburse defendants for the costs reasonably incurred in attempting to take Randy Palazzo's deposition and provide written responses to deposition questions. In an Order dated November 1, 2010, I required plaintiffs to reimburse defendants for attorney fees and costs in the amount of $7,262.12, as a condition of going forward with this action, and reiterated that I would recommend dismissal of this and the related action if this amount was not paid. In a Findings and Recommendation filed on November 29, 2010, I noted that plaintiffs had not paid defendants that amount, and recommended that this action be dismissed with prejudice. That recommendation was adopted on December 22, 2010.

Defendants now move to recover costs in the amount of $1,151.92 in CV 09-1005 and $711.25 in CV 09-952. I have reviewed these cost bills and supporting materials, which are not opposed, and conclude that defendants are entitled to recover the amounts sought. Defendants prevailed, seek to recover the kind of costs generally awarded to prevailing parties, and request amounts that are reasonable.

Defendants also move to recover attorney fees in the amount of $195,472.00 pursuant to § 505 of the Copyright Act of 1976, 17 U.S.C. § 505, and/or the attorney fees provision of the Lanham Act, which is set out at 15 U.S.C. § 1117(A).

1. **Fees pursuant to 17 U.S.C. § 505**

The Copyright Act provides that district courts have the discretion to award "a reasonable attorneys' fee to the prevailing party." 17 U.S.C. § 505. The parties here correctly agree that both plaintiffs and defendants who prevail on Copyright claims are equally entitled to recover attorney fees under the Copyright Act. Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994). The parties also agree that the factors courts may consider in determining whether an award of attorney fees is appropriate include (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the factual and legal aspects of the losing party's case; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence. E.g., Love v. Associated Newspapers, LTD, 611 F.3d 601, 614-15 (9th Cir. 2010) (citing Jackson v. Axton, 25 F.3d 884, 890 (9th Cir. 1994); Fogerty, 510 U.S. at 534 n. 19). They disagree, however, as to whether an award of attorney fees to defendants is appropriate here.

Based upon a careful review of the claims and the course of the litigation of plaintiffs' related cases, I conclude that an award of attorney fees is not appropriate here. Certainly, as the ultimately prevailing parties, defendants were more successful than plaintiffs. However, the merits of the parties' respective contentions were not litigated, and the actions were dismissed because plaintiffs, whose principal had filed for bankruptcy protection, did not make the payment to defendants that this court had required as a condition of going forward. In the absence of any substantive examination of plaintiffs' claims, the success that defendants ultimately realized provides little support for an award of attorney fees. This court's imposition of sanctions for improper conduct during the taking of Mr. Palazzo's deposition likewise does not favor an award of defendants' attorney fees, because the relevant

FINDINGS AND RECOMMENDATION/ORDER - 4

factors set out above principally concern the substantive merits of a parties' claims, not the conduct of a party during any particular stage in the litigation. Assuming that conduct during discovery might be relevant to the "deterrence" mentioned in the fifth factor, plaintiffs have already been severely sanctioned for Mr. Palazzo's behavior, with dismissal of these actions following their failure to make the payment required as a condition of going forward. Under these circumstances, no additional sanction through an award of attorney fees is necessary or appropriate.

Defendants contend that plaintiffs' claims here were frivolous, and that plaintiffs' factual and legal position was weak, because of questions concerning plaintiffs' ownership and registration of copyrighted material. They rely on Budget Cinema, Inc. v. Watertower Assoc., 81 F.3d 729, 732-33 (7th Cir. 1996), in support of their contention that plaintiffs' claims were factually and legally baseless because plaintiffs lacked an ownership interest in the copyrighted material in question when they filed these actions, and because the alleged acts of infringement occurred before copyright applications were submitted for the works at issue.

Based upon my review of Budget Cinema, other decisions addressing recovery of attorney fees in copyright infringement actions, and the materials filed in these related actions, I cannot conclude that plaintiffs' claims were frivolous or so lacking in factual or legal merit that an award of attorney fees is appropriate. An examination of plaintiffs' design and the accused design supports the conclusion that plaintiffs asserted potentially meritorious infringement claims, and the issues of ownership and registration were not litigated to resolution. At this stage of the proceedings, with plaintiffs' claims dismissed on other grounds, I am not prepared to make factual findings and reach legal conclusions as to

FINDINGS AND RECOMMENDATION/ORDER - 5

plaintiffs' ownership and registration of any material at issue in these actions. To the extent that there were questions about plaintiffs' ownership and registration of any design at issue here, I note that there is evidence that any inaccuracies resulted from mere oversight and administrative processing errors, that ownership issues appear to have been quickly resolved, and that it is far from certain that defendants would have prevailed in this litigation as a result of those errors.

Though defendants' reliance on Budget Cinema is understandable, that decision does not compel the conclusion that they should recover their attorney fees here. In concluding that defendant was entitled to recover its attorney fees, the Budget Cinema court noted that the plaintiff had had no communications with the entity that prepared the designs at issue before filing for registration, had misrepresented its acquisition of rights in the material, had failed to disclose the possibility that the work at issue was derivative in nature, and had filed a complaint that was "objectively unreasonable in other respects as well." Budget Cinema, 81 F.3d at 732-33. Plaintiffs' related actions here differed in important respects, and did not present factual and legal contentions that were "objectively unreasonable." Without making any factual findings, I simply note that it appears that plaintiffs here had communicated with the creator of the material in question before seeking copyright registration, did not misrepresent how the rights to the material were acquired, and attempted to timely correct any problems with or errors concerning ownership and registration.

2. **Fees pursuant to 15 U.S.C. § 1117(a)**

The Lanham Act provides that a district court may award attorneys fees in "exceptional" trademark cases. 15 U.S.C. § 1117(a). A trademark case is "exceptional,"

and attorney fees may be awarded when a party acts "maliciously, fraudulently, deliberately, or willfully." Earthquake Sound Corporation v. Bumper Indus., 352 F.3d 1210, 1216 (9th Cir. 2003).

Defendants contend that plaintiffs' trademark claims were objectively unreasonable, and that plaintiffs' "improper litigation conduct" establishes that the claims were pursued in bad faith. I disagree. Plaintiffs' claim did not appear to be malicious or fraudulent, plaintiffs' conduct did not appear to be wilful or in bad faith, and the substantive merits of the claims were not resolved. The conduct of plaintiffs' principal during the taking of his deposition does not support the conclusion, much less establish, that these actions were "pursued in bad faith." Moreover, that conduct has been sanctioned, and an additional sanction through an award of attorneys fees is not appropriate.

## Conclusion

Defendants' request to recover costs in the amount of $ 1,151.92 (# 111) is GRANTED. Defendants' request to recover attorneys fees (# 108) should be DENIED.

## Scheduling Order

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due April 14, 2011. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

FINDINGS AND RECOMMENDATION/ORDER - 7

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 28th day of March, 2011.

/s/ John Jelderks
John Jelderks
U.S. Magistrate Judge